**Leonard RODGERSON, Appellant,**

v.

**Sherman LaFOLLETTE, Appellee.**

**No. 63.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Jan. 24, 1968.

Rehearing Denied Feb. 21, 1968.

Frederick W. Robinson, Houston, for appellant.

David J. Beck, Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, for appellee.

TUNKS, Chief Justice.

This is an automobile collision case. The plaintiff, appellant, is Leonard Rodgerson. The defendant, appellee, is Sherman La-Follette. The trial was to a jury. The facts are as follows:

On December 11, 1964, just before 7:30 a. m., the defendant was driving in an easterly direction on South Loop (also called U. S. 610) in Houston, Texas, when the motor of his car, for some unknown reason, stopped. He was able to get his car over to the right-hand curb, where he left it. The point at which he left his car parked was about one-half way between South Main Street and Fannin Street. When he left his car he did not post any warning that it was stationary—he did not leave his parking lights on, nor raise the cover to the trunk on his car, nor raise the hood of his car. Soon thereafter, the plaintiff's wife, who lived in Missouri City, Texas,

was driving her car to work. From her home she drove north on South Main Street to a point where it intersected South Loop. There she was stopped by a red light. When she stopped, she was in the right-hand traffic lane on South Main and was the first car in line at the intersection. When her light turned green she made a right turn into South Loop and drove in an easterly direction. There were three lanes for eastbound traffic on South Loop. When the plaintiff's wife turned on to South Loop, she turned into the right-hand curb lane and continued driving in that lane. There was no traffic immediately ahead of her in that lane but there were cars to her left in the other eastbound lanes and cars following her in her lane.

South Loop at the point in question is within the limits of the City of Houston. It runs in a generally easterly and westerly direction. It is a thoroughfare. There are three lanes for traffic in each direction. The east and west bound lanes are divided by an esplanade. There is a curb along the south side—the right-hand side for east bound traffic. At the time it was newly constructed, there were neither any residences nor business establishments adjacent to the south side of the street. The only openings in the curb were for entrances into the Domed Stadium. There were no posted parking restrictions. The posted speed limit at the point in question was 45 m. p. h. The street in that area is straight and there are no physical obstructions to vision.

On the morning in question it had been raining and was still misty. The street was wet. The visibility was such that the plaintiff's wife and at least some of the other drivers had their lights on.

As plaintiff's wife proceeded east on South Loop, she remained in the right-hand curb lane—the lane in which the defendant's car was parked. She was driving at a speed of 35 to 45 m. p. h. When she first saw the defendant's car, she did not realize that it was stationary. When she realized that the defendant's car was not moving,

she applied her brakes to slow down and attempted to turn into the lane at her left. At the time of first seeing the defendant's car, she was far enough from it that, but for the traffic to her left, she could have pulled around the parked car. She discovered that she could not so turn because of the traffic in the lane to her left. She pushed her brake pedal "all the way to the floor board." When she so applied her brakes, her car skidded 40 to 45 feet and struck the rear of the defendant's car. By the force of the impact, the defendant's car was knocked east on South Loop for a distance not established by the evidence. The plaintiff's car stopped at the point of impact.

In the collision the plaintiff's wife sustained personal injuries for the treatment of which plaintiff incurred medical expense and the plaintiff's car was damaged. There was evidence from which the jury could have fixed the amount of the plaintiff's damage.

These facts were developed by the evidence offered by the plaintiff. At the close of plaintiff's testimony, the defendant made a motion for instructed verdict on the ground that there was no evidence of negligence on the part of the defendant which was a proximate cause of the collision and on the ground that the evidence showed as a matter of law that the collision was proximately caused by the negligence of the plaintiff's wife. The trial court granted the defendant's motion, withdrew the case from the jury and rendered judgment for the defendant. The plaintiff has perfected his appeal from that judgment.

The appellant contends that under the evidence the jury could have found that the defendant was negligent in failing to give some warning to other motorists driving east on South Loop that his car was parked. The defendant argues that there is no evidence to sustain a jury's finding that the defendant's failure to warn was negligence. He argues that the absence of any parking restriction made his parking lawful and precluded its being negligent.

The question here involved is sometimes treated as two questions: first, did the defendant, under the circumstances, have any duty in connection with the giving of a warning and, second, was there any evidence that, in failing to give a warning, the defendant failed to exercise that degree of care that a person of ordinary prudence, in the exercise of ordinary care, would have exercised under the same or similar circumstances. Both are questions of law. Webb v. City of Lubbock, Tex.Civ.App., 380 S.W.2d 135, writ ref., n. r. e.; "No evidence" and "insufficient evidence" Points of Error, Robert W. Calvert, 38 Texas L.Rev. 361 (1960). While fact situations may exist in which there are plain distinctions between the two questions, in this fact situation the line, if any, separating them is so indistinct as to be meaningless. The defendant had a duty to warn only if the situation was such that he, in the exercise of ordinary care, should have given a warning. Since he admittedly gave no warning he was negligent if he had a duty to give a warning. Thus the two questions—existence of the duty and the question of negligence are really one and the same question. Prosser "The Law of Torts," p. 206, Sec. 36; 65 C.J.S. Negligence § 4(2) page 485.

It is admitted that the defendant, in parking his car, did not violate any statute or ordinance. Appellee argues that, since the matter of parking on streets is a subject of statutory control and that defendant's conduct complied with the regulations exercising such control, he then, as a matter of law, was not negligent in parking his car at the time and place in question. It may be true that the defendant had a right to park his car where he did and when he did. It is also true that he was under no statutory duty to warn other motorists. This does not mean that the defendant had no common law duty to warn motorists of the presence of his parked car. There are many cases holding that one driving at a speed at which he, under the statute, has a right to drive, nevertheless, violates a common law duty to drive more slowly. There, the very act which is, itself, legal under the statutes constitutes a breach of a common law duty. Billingsley v. Southern Pac. Co., Tex.Civ.App., 400 S.W.2d 789, writ ref., n. r. e.; Traylor v. Brentzel, Tex.Civ. App., 218 S.W.2d 261, no writ history. In fact, the appellee here, in support of the second ground for his motion for instructed verdict, argues that the plaintiff's wife was guilty, as a matter of law, in driving too fast though it is admitted that she was driving within the applicable speed limit.

There are other situations in which one may do something that is lawful under the statute, but the doing of which gives rise to a common law duty, the breach of which is negligence. Thus, one lawfully entering a controlled intersection when his light is green has a duty to keep a proper lookout. Warren v. Dikes, Tex.Civ.App., 404 S.W.2d 946, no writ history; Strawder v. Pantoja, Tex.Civ.App., 372 S.W.2d 246, writ ref., n. r. e.; Watts v. Dallas Ry. & Terminal Co., Tex.Civ.App., 279 S.W.2d 400, writ ref., n. r. e. A similar duty is imposed on a pedestrian having a statutory right of way over motorists. Lane v. Dallas Transit Co., Tex.Civ.App., 331 S.W.2d 821, writ ref., n. r. e.; Lofland v. Jackson, Tex.Civ.App., 237 S.W.2d 785, writ ref., n. r. e.; Brown v. Dallas Ry. & Terminal Co., Tex.Civ. App., 226 S.W.2d 135, writ ref.

We are of the opinion that, though the defendant had the statutory right to park his car at the time and place in question, he had a common law duty to warn other motorists that it was parked if an ordinary prudent person, in the exercise of ordinary care, would have anticipated and foreseen that, in the absence of such a warning, a collision might occur.

In examining the record to determine whether there was any evidence from which the jury could have found that the defendant was negligent in failing to warn of the fact that his car was not moving, we are required to consider the evidence in its most favorable light in support of the plaintiff's position, to consider only the evidence and the inferences therefrom which support

that position and to reject that evidence and those inferences which are contrary thereto. Biggers v. Continental Bus System, Inc., 303 S.W.2d 359, Texas Sup.

 Conforming to the above stated rule, we review the evidence and the inferences therefrom in this record as follows: South Loop was a heavily traveled thoroughfare. The lane in which defendant's car was parked was one ordinarily used by moving vehicles—it was not a parking lane. Because of the absence of residences or businesses in the area, motorists could not be expected to anticipate that there would be cars parked on the street. The visibility was poor. The street was wet. The traffic was heavy.

Under those facts we believe that there was some evidence from which a jury could have found that a person of ordinary prudence in the defendant's position would have, in the exercise of ordinary care, either raised the hood or the trunk cover of his car or left his parking lights on. The very fact that the automobiles are equipped with parking lights indicates an acceptance of the proposition that there may be situations wherein it is necessary to warn that a car is parked rather than moving.

 We are also of the opinion that the evidence failed to show, as a matter of law, that Mrs. Rodgerson was guilty of negligence which proximately caused the collision. In answer to that question, we are governed by the same rule as to the review of the evidence as that which we applied in determining that there was some evidence of negligence on the part of the defendant. The evidence must be reviewed in the light most favorable to the plaintiff.

Our holding in this case is not to be construed as a holding that there is always a common law duty to warn of the presence of a car lawfully parked on a city street. Our holding is, rather, that the particular circumstances surrounding the lawful parking of a car on a city street may be such that a reasonably prudent person, in the exercise of ordinary care, would foresee that in the absence of a warning, a motorist might collide with his parked car. Under those circumstances, he has a duty to warn and his failure to warn may constitute negligence.

The questions of the sufficiency of the evidence to sustain a jury finding to the effect that the defendant was guilty of negligence which proximately caused the collision and to sustain a jury finding that the plaintiff's wife was not guilty of such negligence is not before us. We therefore express no opinion on those questions. We hold that on each of them there was some evidence to support a jury finding favorable to the plaintiff.

The judgment of the trial court is reversed and the case is remanded for another trial.

Reversed and remanded.