Dan R. McCLELLAN, Jr., Appellant,

v.

Mrs. Nellene B. LEE et al., Appellees.

No. 15272.

Court of Civil Appeals of Texas.

Houston (1st Dist.),

March 28, 1968.

Butler, Binion, Rice, Cook & Knapp, Tom M. Davis, Jr., Eugene Cook, Houston, for appellant.

Helm, Jones & Pletcher, Michael Moriarty, Davis H. Burrow, Houston, for appellees.

COLEMAN, Justice.

This is an appeal from the denial of appellant's plea of privilege in an automobile collision case.

■ It is appellant's contention that there is no evidence, or insufficient evidence, to sustain an implied finding of negligence so as to retain venue in the county of the accident under Subd. 9a, Article 1995, Vernon's Ann.Civ.St.

Appellant is a resident of Gatesville, Coryell County, Texas. While he was in Houston, Harris County, Texas, he was driving his 1959 model Chevrolet automobile from his motel room to the airport to mail some letters when he ran out of gasoline. He knew when he started out that the car was low on gasoline, but he thought there was enough to make the trip. As he was proceeding down Long Drive in the City of Houston, his car began missing. He cut off the motor and coasted to a stop along the curb in front of a residence and partially in front of a driveway. He thought he was out of gas, but after stopping, attempted to start the motor without success. He was not sure that the car was only out of gas. Long Drive is a four-lane street with two lanes for traffic going east and two lanes for traffic headed west. Appellant was familiar with the street and saw a sign near where the car was parked stating: "Tow Away Zone. No Parking 7:00–9:00 A.M. 4:00–6:00 P.M." It was about five minutes to four o'clock p.m. when his car stopped. He walked to a garage and then to a filling station that had road service. When he got back to the scene in the service car, he saw his car being towed off, followed by a police car. He then went to a drug store where he called the police. At the time he left his car to seek assistance he did nothing to call attention to the fact that the car was disabled.

Mrs. Lee was driving down Long Drive at a speed of between 28 and 32 miles per hour, closely following another vehicle in the curb lane. When the lead vehicle suddenly pulled into the inside lane, she saw the parked vehicle for the first time. She was about two car lengths from it at that time. She thought it was moving at first. She could not pull into the inside lane because of other traffic. Her son Gary, a passenger, testified that he did not hear her brakes or notice it if she attempted to turn in any direction. He did not see the car pull out in front of them, or the parked car, because he was looking out the side window. Both Mrs. Lee and Gary suffered injuries. The accident occurred about 4:15 p.m.

A resident of the house in front of which the accident happened testified to seeing the car parked in front of one of her driveways close to the curb at about 3:55 p.m. She said that traffic was not heavy at the time. She saw the driver get out and walk away. She did not see the collision before the initial impact.

Appellees did not plead a city ordinance limiting parking on Long Drive and did not attempt to introduce such an ordinance into evidence. Appellees pled generally that the injuries they suffered were proximately caused by the negligence of appellant. If there is evidence in the record to support an implied finding on the part of the trial court that appellant was guilty of negligence in any particular, which constituted a proxi-

mate cause of the collision, the judgment of the trial court must be affirmed.

In Rodgerson v. LaFollette, 424 S.W.2d 280 (Tex.Civ.App., Houston, 14th Dist., 1968), opinion by Chief Justice Tunks, the court held that although a person violates no law or ordinance in parking his car parallel to the curb on a city street in the daytime, he has a common law duty to warn other motorists that the car is parked, if an ordinary prudent person, in the exercise of ordinary care, would have anticipated and foreseen that, in the absence of such a warning, a collision might occur. The court then held that issues of fact as to negligence and proximate cause were raised by evidence that South Loop (U.S. 610) was a heavily traveled thoroughfare; that the lane in which defendant's car was parked was ordinarily used by moving vehicles; that motorists could not be expected to anticipate that a car would be parked on the street because there were no residences or businesses in the area; that visibility was poor; that the street was wet and traffic heavy.

In this case visibility was good, the street was dry, and traffic light at the time of the accident. By reason of the posted signs appellant was on notice that the traveling public would not expect parked cars to be found on the street between 4:00 and 6:00 o'clock, and that the lane in which the car was parked would be used by moving vehicles. However, at the time the automobile was parked, because of the residences and business establishments in the immediate vicinity, motorists could be expected to be more alert in discovering the presence of parked vehicles, and might be expected to anticipate that there could be delay in removing cars parked prior to 4:00 o'clock.

In East Texas Motor Freight Lines v. Loftis, 148 Tex. 242, 223 S.W.2d 613 (1949), the court, after reciting the rule that foreseeableness or anticipation of injury is a necessary element to proximate cause, stated that one leaving his truck parked on a public street in the nighttime with lights burning could not reasonably foresee that the driver of another automobile would run into the rear of the truck despite the fact that it had been snowing and sleeting shortly before the accident and was raining or misty at the time of the accident, the streets were wet, and the visibility poor.

The facts of this case do not raise an issue as to negligence on the part of appellant in parking his disabled automobile at the time and place it was parked, or in permitting the disabled car to remain there after four o'clock. An issue is raised as to negligence in failing to, in some manner, warn the traveling public that the car was disabled or parked. Appellant could reasonably foresee that he might not be able to remove the car before four o'clock. Since he saw the "Tow Away Zone" sign, he could foresee that motorists would expect to use the curb lane as a moving, rather than a parking, lane after four o'clock. He could also expect that traffic would be heavy, and could foresee that the necessity for changing lanes at the point where his car was parked might result in a collision. He could also foresee that in heavy traffic the ability of following drivers to see his parked automobile would be impaired, increasing the likelihood of accidents.

It is well settled that the two elements or tests of proximate cause are causation and the limitation to foreseeable consequences. If the defendant's act or omission was a substantial factor in bringing about the collision, causation is established. For the defendant's failure to warn to be regarded as a proximate cause of the plaintiffs' injuries, it is not necessary that the defendant should or would reasonably anticipate the very consequences or the exact nature of the plaintiffs' injuries or the precise manner of their infliction. "It is sufficient that the defendant would reasonably have anticipated consequences or an injury of the general nature of that which ensued." Hopson v. Gulf Oil Corp., 150 Tex. 1, 237 S.W.2d 352 (1951).

The evidence is sufficient to support the implied finding of the trial court that the failure of the defendant to warn approaching motorists that his car was parked constituted negligence, which was a proximate cause of the collision made the basis of this suit and of the resulting injuries to the plaintiffs.

The judgment of the Trial Court is affirmed.