**Ronald SHEPARD, Appellant,**

v.

**J. E. RAY et al., Appellees.**

No. 17122.

Court of Civil Appeals of Texas.

Dallas.

Sept. 27, 1968.

Norman W. Darwin, Ft. Worth, for appellant.

Joseph W. Stewart of Harris & Ball, Arlington, for appellees.

BATEMAN, Justice.

This is a rear-end collision case. The appellant Ronald Shepard sued the appellees J. E. Ray, doing business as Ray's Delivery & Transfer, and James Frederic Dittman, alleging that Dittman, acting within the scope and course of his employment as

an employee of Ray, negligently stopped Ray's truck in a traffic lane of North Stemmons Freeway in Dallas, Texas, at night without burning the stop lights or parking lights of the truck or putting out flares or otherwise warning oncoming traffic of the presence of the truck in the traffic lane. He also alleged certain personal injuries proximately resulting when the automobile he was driving collided with the rear end of the truck so parked. When appellant rested his case the trial court, on motion of appellees for a directed verdict, withdrew the case from the jury and rendered judgment for appellees.

The first ground of appellees' motion for instructed verdict was that there was no evidence that the truck in question was being operated by any employee, agent or servant of Ray acting within the scope and course of his employment. In his first point of error appellant challenges the action of the court insofar as it may have been based on this ground.

To determine whether there was any evidence from which the jury could have found in favor of the appellant on any of the essential issues of his case, we must consider the evidence in the most favorable light in support of his position. We must consider only the evidence and the inferences therefrom which support that position and reject that evidence and those inferences which are contrary thereto. Biggers v. Continental Bus System, Inc., 157 Tex. 351, 298 S.W.2d 79, 303 S.W.2d 359, 363 (1957); Rodgerson v. LaFollette, 424 S.W.2d 280, 282 (Tex.Civ.App., Houston, 14th Dist. 1968, no writ).

Appellant's only evidence touching on the question of whether Dittman was an agent, servant or employee of Ray on the occasion in question was the testimony of William Parker Hill, who testified that in July of 1966 he was "driving a truck for Mr. Ray, my uncle." He did not say that he was so employed at the time of the collision. When asked if anything unusual occurred in the evening of July 1, 1966 he said,

"Yes, sir, it all started with me running out of gas on Stemmons Freeway." He then related that he was driving a Ford truck in a southerly direction toward Dallas, ran out of fuel and called Dittman on a two-way radio. Dittman was then in Grand Prairie, a city just a few miles west of Dallas. Hill said Dittman "had just went to work for Mr. Ray," and that Dittman "finally told me, you know, that he was through with his deliveries in Grand Prairie and he was on his way back in, that he would drop by and help me and this person, James Dittman, that was the person that was driving the truck that the accident happened to." He then related that after about an hour Dittman drove to the place on the freeway where Hill's truck was stalled, and "pulled up behind me and put his blinker on to the left," etc. He then related the facts pertaining to the collision itself. It was shown by other evidence that the collision occurred shortly after nine o'clock on the night of July 1, 1966.

We have summarized above all of the evidence that can be said to show any sort of relationship between Dittman and Ray, neither of whom testified. We agree with appellee Ray that it fails to make even a prima facie case of liability of Ray for the alleged negligence of Dittman.

The applicable standard of the quantum of proof required in such cases is thus set forth in Texas Power & Light Co. v. Denson, 125 Tex. 383, 81 S.W.2d 36, 38 (1935):

"The rule in this state is that if the act complained of is done within the scope of the general authority of the servant, in furtherance of the master's business and for the accomplishment of the object for which the servant is employed, the master is liable." (Citing numerous Texas Supreme Court cases.)

This principle has been annunciated by the courts many times. See Broaddus v. Long, 135 Tex. 353, 138 S.W.2d 1057, 1059 (1940); Mitchell v. Ellis, 374 S.W.2d

333, 336 (Tex.Civ.App., Fort Worth 1963, writ ref'd); Hudiburgh v. Palvic, 274 S.W.2d 94, 100 (Tex.Civ.App., Beaumont 1954, writ ref'd n. r. e.). In each such case that has come to our attention the rule is stated, as above, to include the requirement that the act complained of must have been, not only within the scope of the general authority of the servant and in furtherance of the master's business, *but also for the accomplishment of the object for which the servant is employed.* In the case at bar the only evidence we have that Dittman was employed at all by Ray is Hill's testimony that Dittman "had just went to work for Mr. Ray." The record contains no evidence as to what Dittman was employed to do, or to indicate that his complained of acts in any way tended or were calculated to accomplish any object for which he had been employed.* The evidence does show that he came to the aid of Hill, but the record is not clear that Hill himself was acting within his general authority and in the furtherance of Ray's business at the time in question. Moreover, the conclusion that Dittman did what he did as a personal accommodation to Hill is just as reasonable as that it was done on behalf of his employer. See Mitchell v. Ellis, 374 S.W.2d 333 (Tex.Civ.App., Fort Worth 1963, writ ref'd).

For the reasons stated, appellant's first point of error is overruled.

Appellees' second and third grounds in their motion for instructed verdict were (2) that there was no evidence of any negligent act on the part of Dittman which could have been a proximate cause of the collision, and (3) that the evidence showed as a matter of law that appellant's failure to keep a proper lookout, to make timely application of his brakes and to turn his vehicle to the left was negligence proximately causing the collision. Appellant's second and third points of error on appeal challenge the withdrawal of the case from the jury insofar as such action may have been based on those grounds.

Appellant testified that he was driving south on Stemmons Freeway, in the outside right traffic lane, with his lights on dim; that the collision occurred on the overpass over Oak Lawn Avenue; that he was coming over the crest of the hill and as soon as his lights "caught the silhouette of the truck" he was "right on top of it." He does not remember whether he applied his brakes at that time, and he did not see the truck until momentarily before the collision. He said that prior to the time he saw the truck in his traffic lane he was going about 45 miles per hour and no flares or reflectors had been put out on the highway behind the truck.

The investigating police officer, Forston, testified that when he arrived a few minutes after the collision there were no flares, blinker lights or warning devices of any kind out on the highway behind the truck. He also said the first truck (Hill's) was over the crest of the hill on a moderate downgrade; that he couldn't say the second truck (Dittman's) was right on the crest of the hill and that it would be hard for him to say how close it was to either the part of the hill that started downhill or the part that started uphill. He also said that as he was coming south on Stemmons he could not see the truck for several miles, but "you could see him for, I would say, a couple or 300 feet, if you were properly positioned in your automobile and everything else." He said, "You could see the biggest portion of it, coming up the incline, but farther back, on the next hill, you could see the whole thing." Forston

---

* We cannot consider Hill's statement that Dittman told him "that he was through with his deliveries in Grand Prairie," as proving the purpose for which Dittman was employed. or what his duties were, for this was hearsay and of no probative value. Lewis v. J. P. Word Transfer Co., 119 S.W.2d 106 (Tex.Civ.App., Dallas 1938, writ ref'd), cited with approval in Empire Gas & Fuel Co. v. Muegge, 135 Tex. 520, 143 S.W.2d 763, 769 (1940).

also testified that the right front of appellant's car collided with the left rear of the truck and that the car was at a slight angle to the left with reference to the rear of the truck.

Hill testified that after Dittman pulled his truck up behind the stalled truck he got out and tried to start Hill's truck but, being unable to do so, got back in his own truck saying he would pull around in front of Hill's truck. He asked Hill to use his flashlight to guide the traffic around the trucks and tell him when he could safely go around. Hill said that before this could be done appellant struck the rear of Dittman's truck; that he could tell that appellant was not going to stop and ran forward to tell Dittman that "he was fixing to get hit." He said he did not start flashing the light in appellant's eyes to try to warn him.

Appellant also testified that he did not see anyone directing traffic, or any lights or anything to warn him of the truck's presence there; that he had been driving about 55 miles per hour and slowed down to about 45 when he hit the truck, although it could have been anywhere from 45 to 55; that he was approximately two or three car lengths from the truck when he first saw it.

When we examine this entire record and consider the evidence and inferences therefrom in the light most favorable to the position of appellant in respect to these two points, disregarding all evidence and inferences contrary thereto which are not conclusive, we conclude that the trial court erred in withdrawing the case from the jury if this was done on the theory that there was no evidence upon which the jury could have found actionable negligence on the part of Dittman, or on the theory that the evidence, as a matter of law, convicted appellant of contributory negligence proximately causing his injuries.

■ It is not unreasonable to infer from the evidence that Dittman was negligent in failing to give adequate warning to motorists approaching from the rear. Neither is it unreasonable to infer that appellant's conduct, while perhaps less careful than would be expected of a very cautious and prudent motorist, would still be within the legal standard measured by the behavior of that hypothetical person known in law as the reasonably prudent man. It will be noted that we do not here decide questions as to the *sufficiency* of the evidence to sustain jury findings that Dittman was guilty of negligence proximately causing appellant's injuries or that appellant was not guilty of such negligence. Those questions are not before us, and we express no opinion thereon. Our holding is merely that there is some evidence to support such findings. Rodgerson v. La-Follette, 424 S.W.2d 280 (Tex.Civ.App., Houston, 14th Dist.1968, no writ). Accordingly, appellant's second and third points of error are sustained.

The fourth ground of appellees' motion for instructed verdict was that there was no evidence of a causal connection between the injuries complained of and the collision, it being argued thereunder that all of appellant's physical disabilities existed prior to the accident and that the evidence failed to show aggravation thereof by the collision. Appellant's fourth point of error on appeal complains of the withdrawal of the case from the jury insofar as it was done on this ground. We sustain this point of error.

■ While the effort to distinguish between impairments of health admittedly existing in the years preceding the accident and fresh injuries and aggravations of old ones was perhaps not as meticulous and thorough as might have been, we do not agree that the defect in itself warranted a directed verdict. It would serve no useful purpose to summarize here the testimony concerning appellant's injuries and preexisting departures from good health. We content ourselves with holding that the evidence created a jury question.

Because of appellant's failure to present any evidence which would establish a prima

facie case of liability against Ray for the alleged negligence of Dittman, the judgment in Ray's favor is affirmed, and for the reasons given above the judgment in Dittman's favor is reversed and remanded for a new trial.

Affirmed in part and reversed and remanded in part.