**CONTINENTAL CASUALTY COMPANY,
Appellant,**

**v.**

**James M. THOMAS et ux., et al., Appellees.**

**No. 8072.**

Court of Civil Appeals of Texas,
Amarillo.

Sept. 28, 1970.

Rehearing Denied Oct. 26, 1970.

Gibson, Ochsner, Adkins, Harlan & Hankins and Jewett E. Huff, Amarillo, for appellant.

Robert L. Templeton, Amarillo, for appellees.

NORTHCUTT, Justice.

This is a venue case. Plaintiffs-appellees, James M. Thomas and wife, Juanita H. Thomas, individually and as next friend of their minor child, Jimmy Thomas, and as the surviving beneficiaries of their deceased son, Michael Thomas, individually, filed suit against Continental Casualty Co.,

appellant herein, to recover upon their policy of insurance designated as "uninsured motorist's insurance". The policy provided for "family protection coverage, protection against uninsured motorists, and insurance against uninsured motorists". Appellees brought this action to recover damages sustained by them as a result of the death of their son, Michael Thomas, and the injuries suffered by Mrs. Thomas and Jimmy Thomas in an automobile collision with Harold Dean Montgomery on or about October 4, 1969. The collision occurred on Bell Avenue at its intersection with Calumet Street in Amarillo, Potter County, Texas. Recovery was sought by virtue of the allegations that Montgomery was an uninsured motorist and by reason of specific acts of negligence alleged on the part of Montgomery which proximately caused the death of Michael Thomas and seriously injured Mrs. Thomas and son, Jimmy Thomas.

A plea of privilege was filed by appellant seeking transfer of the case to Dallas County where the principal office of appellant is located. The plea was controverted by appellees alleging as the exceptions to the right to be sued in the county of appellant's principal office, Subdivisions 28, 23 and 9a of Art. 1995, Vernon's Ann.Tex.R. Civ.St. The plea of privilege was overruled, and from that order appellant perfected this appeal. The effect of appellant's points of error is that none of the exceptions pleaded apply herein.

■ Art. 1995 provides that no person who is an inhabitant of this state shall be sued out of the county in which he has his domicile except in the following cases: and then sets out several exceptions. Consequently, if a party comes within any one of the exceptions he may be sued out of the county in which he has his domicile provided the plaintiff pleads and proves the necessary facts to bring the defendant within that exception. Sec. 23 of Art.

1995 provides "suits against a private corporation, association, or joint stock company may be brought in the county in which its principal office is situated; or in the county in which the cause of action or a part thereof arose."

Then it was necessary for plaintiff to present proper pleadings and proof that the car driven by Montgomery was an uninsured automobile, and prove by a preponderance of the evidence that Montgomery was negligent upon the occasion in question, and that such negligence was a proximate cause of the damages sustained by the plaintiffs. The pleadings and evidence introduced herein were sufficient to comply with that requirement. Pan American Fire & Casualty Co. v. Loyd, Tex.Civ. App., 411 S.W.2d 557 (n.w.h.); Victoria Bank & Trust Co. v. Monteith et al., 138 Tex. 216, 158 S.W.2d 63; Paul v. Dutton, Tex.Civ.App., 55 S.W.2d 606.

As we construe the uninsured motorist's insurance policy, or contract, the insurer contracted to pay the insured, to the extent of the limitation set out in the policy, all damages caused by the acts of Montgomery or any other uninsured motorist.

■ Appellees had no cause of action against appellant by virtue of the provisions of the "uninsured motorist's insurance" until they were injured by the acts of Montgomery, the uninsured driver of the automobile. Appellees could not recover until it was shown that Montgomery caused the damage. It was the negligent acts of Montgomery that caused the damage. Consequently, appellees were injured in Potter County where the cause of action or a part thereof arose as provided under Sec. 23 of Art. 1995, T.R.C.S. Since we hold Sec. 23 applies in this case, it is not necessary for us to pass upon Secs. 28 and 9a of Art. 1995. We have carefully considered all of appellant's points of error and overrule all of them. Judgment of the trial court is affirmed.