**TRADERS AND GENERAL INSURANCE COMPANY, Appellant,**

v.

**Jerry ANDERSON et al., Appellees.**

**No. 589.**

Court of Civil Appeals of Texas, Tyler.

Oct. 28, 1971.

Kenley, Boyland, Hawthorn & Starr, Larry B. Funderburk, Longview, for appellant.

Gordon Wellborn & Rex Houston, Guinn D. Tate, Henderson, for appellees.

MOORE, Justice.

This is a venue case. Plaintiffs, Jerry Anderson and husband, William Anderson,

individually and as next friend of their two minor children, brought suit against defendant, Traders and General Insurance Company, their public liability insurance carrier, to recover under the "Uninsured Motorist" provisions under the policy for damages sustained as a result of an automobile collision with an uninsured motorist. The suit was filed in the 4th District Court of Rusk County. Plaintiffs alleged that defendant insurance company issued a policy of insurance whereby the company contracted to pay plaintiffs all damages caused by the negligence of an uninsured motorist to the extent of the limits set forth in the policy. Plaintiffs further alleged that on December 18, 1969, while the policy was in full force and effect, Mrs. Anderson and two of the Anderson children were involved in a collision with an uninsured motorist, namely Charles Largent; that the accident occurred in Rusk County and was proximately caused by the negligence of Largent in stopping his unlighted automobile upon the highway in Mrs. Anderson's lane of traffic at a time when it was dark and visibility was poor causing Mrs. Anderson to rear-end his automobile; that Largent was negligent in failing to signal his intention to stop and in failing to signal his intention to make a left turn. Plaintiffs prayed damages for personal injuries suffered by Mrs. Anderson and their two children, as well as damages to their automobile.

Defendant insurance company filed a plea of privilege to be sued in Dallas County, the county of its alleged residence. Plaintiffs duly filed a controverting affidavit alleging that venue was properly laid in Rusk County because defendant is a private corporation and the cause of action arose in Rusk County.

After a hearing the trial court overruled the defendant's plea of privilege and this appeal resulted. We affirm the ruling of the trial court.

Defendant urges that the trial court erred in overruling its plea of privilege because there is no evidence of any negligence on the part of the uninsured motorist, or that his conduct proximately caused the accident. Defendant also urges that the judgment is contrary to the great weight and preponderance of the evidence as to negligence and proximate cause on the part of the uninsured motorist.

Our venue statute, Article 1995, Vernon's Annotated Texas Statutes, provides that no person may be sued outside the county of his domicile except in certain enumerated instances. While plaintiffs' controverting plea does not set forth the number of the subsection of the statute relied upon to sustain venue in Rusk County, it is apparent from the controverting plea that they are relying upon subdivision 23, which reads in part as follows:

"23. Corporations and associations.

Suits against a private corporation * * * may be brought * * * in the county in which the cause of action or part thereof arose; * * * "

▮ Under such subdivision, plaintiffs had the burden of proving that the uninsured motorist was negligent upon the occasion in question and that such negligence was a proximate cause of the damages sustained by them. Continental Casualty Company v. Thomas, 458 S.W.2d 863 (Tex.Civ.App., Amarillo, 1970, n. w. h.).

It is without dispute that plaintiffs had in force and effect a policy of insurance issued by defendant insurance corporation providing for uninsured motorist protection; that Charles Largent was an uninsured motorist; that the plaintiffs sustained injuries; and that the collision occurred in Rusk County, the county of suit. The only remaining question therefore is whether or not plaintiffs discharged their burden of establishing negligence and proximate cause.

The collision occurred on Highway 42 near the city of Turnertown at approximately 4:30 p. m. It is without dispute that Largent's vehicle was stopped in the lane of traffic traveled by Mrs. Anderson. Largent testified that he was stopped

awaiting passage of oncoming traffic before making a left-hand turn into a driveway. According to Mrs. Anderson, it was a dark, rainy day. She testified she and other vehicles on the highway were using their headlights. She testified that the Largent automobile was of a dark color and that although she had her headlights on she did not see the Largent automobile until she was approximately thirty feet from it. Just as soon as she observed that the Largent automobile was stopped, she immediately applied her brakes but was unable to stop before colliding with the rear end of it. She testified that there were no lights on the Largent automobile and that Largent gave no signal of any type indicating he was stopped or preparing to make a left turn. Largent admitted that it was raining and the weather conditions were such that the use of headlights were necessary. When asked if he had his headlights on, he testified, "I believe I did." He also testified that he had his brakes on and that his brake lights on the rear were in working order. Mrs. Largent testified that the vehicle was equipped with directional signal lights and that same were on.

The plea was heard without a jury and no findings of fact or conclusions of law appear in the record. The trial court's judgment, therefore, implies all necessary fact findings in support of the judgment. In determining whether the evidence supports the judgment we are required to consider only that evidence most favorable to the judgment and disregard entirely that which is to the contrary. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609.

Viewed in this light, the question is whether or not, under the existing circumstances, the stopping of the unlighted automobile upon the highway without warning that it was stopped constituted negligence proximately causing the collision.

Plaintiffs do not contend that Largent stopped suddenly. Nor do they contend that he violated any statute in stopping upon the highway or in failing to warn

that his automobile was stopped. Rather, they argue that because of the poor visibility Largent had a common-law duty to warn the oncoming traffic that he was stopped and that he breached such duty in failing to warn. Defendant takes the position that Largent owed no duty because he had a right to stop his automobile preparatory to making a left turn and having such right, had no duty to warn that he was stopped.

■ It may be conceded that Largent was not guilty of negligence in stopping his automobile upon the highway prior to making a left turn. But even so, we still have the question of whether he owed a duty to warn that he was stopped. In this connection, we are of the opinion that Largent had a common-law duty to warn other motorists that he was stopped, if an ordinary prudent person, in the exercise of ordinary care, would have anticipated and foreseen that, in the absence of such warning, a collision might occur. Rodgerson v. LaFollette, 424 S.W.2d 280 (Tex.Civ.App., Houston, 14th Dist., 1968, err. ref., n. r. e.) ; Shepard v. Ray, 432 S.W.2d 178 (Tex. Civ.App., Dallas, 1968, n. w. h.) ; and Blashfield Automobile Law and Practice, Vol. 3, sec. 116.4.

■ Under the facts and circumstances presented here, we believe there was at least some evidence of probative force from which the trier of the fact could have found that a person of ordinary prudence in Largent's position would have, in the exercise of ordinary care, either had his lights on or would have given some type signal that he was stopped. He knew it was raining and the visibility was poor. He also knew, or should have known, that the oncoming traffic to his rear could not be expected to anticipate finding a dark colored, unlighted automobile stopped in the main traveled portion of the highway. Therefore, as we view the evidence, it is not unreasonable to infer that Largent was negligent in failing to give some warning that he was stopped.

We are equally convinced that the evidence supports the implied finding that his negligence was a proximate cause of the collision. As we view the record, the trier of the fact was justified in finding from the evidence, with reason, that a person of ordinary prudence exercising ordinary care should have reasonably anticipated and foreseen that the collision, or a similar one, would occur as a natural and probable consequence of a failure to give any warning that the automobile was stopped. Had Largent given such warning, Mrs. Anderson no doubt would have seen his automobile at such a distance that she would have been able to apply her brakes or make some other maneuver in time to have prevented the collision. Enloe v. Barfield, Tex., 422 S.W.2d 905 (1967).

After an examination of all the evidence, both that in favor of and against the judgment, we cannot agree with the proposition that the judgment is against the overwhelming weight and preponderance of the evidence.

Affirmed.