**Dolly J. LOFTON et al., Appellants,**

v.

**Raymond NORMAN et al., Appellees.**

No. 825.

Court of Civil Appeals of Texas, Corpus Christi.

April 25, 1974.

Rehearing Denied May 16, 1974.

O. F. Jones, Victoria, for appellants.

Arthur Lapham, Donald A. Edwards, Victoria, for appellees.

OPINION

YOUNG, Justice.

This is a suit for wrongful death which arose from two separate and distinct automobile collisions. Automobiles driven by Jimmie R. Lofton and Raymond Norman collided at night November 21, 1970, on Texas Farm Road #236 a few miles west

of Victoria. The automobiles came to rest side by side, facing west and obstructing both the northbound and southbound lanes of travel of the road. While attempting to remove his automobile from the road, Lofton was injured when the Norman automobile was knocked into the Lofton automobile by an automobile driven by Mrs. Mai Gottschalt Harwell. Lofton died as a result of injuries he sustained in the second collision.

The suit was brought by Lofton's statutory beneficiaries, Dolly J. Lofton, widow, in her individual capacity and as guardian of the person and estate of her minor daughter, Peggy Luann Lofton, against Norman, Mrs. Harwell, Horace Mann Insurance Company and Clarence Atzenhoffer, Jr. The cause against the insurance company was ordered severed to be tried at a later time. Trial was to a jury which found that the second collision was proximately caused not only by certain acts of negligence of defendants Norman and Harwell but also by certain acts of contributory negligence of Lofton. The trial court entered a take nothing judgment and subsequently overruled plaintiffs' amended motion for new trial. The plaintiffs appeal.

Farm Road #236, with two lanes for travel and a total width of 24 feet, runs generally north and south. The first accident happened as follows. Norman backed his sedan easterly onto the road from a driveway of one of several rural homes in the vicinity. The sedan, driven by Lofton, was proceeding southerly and skidded sideways into the side of the Norman car. The impact was slight. The record reflects only minor damage to the vehicles and no personal injuries. After this collision, the vehicles were at rest virtually parallel to each other, perpendicular to and straddling the center stripe and effectively obstructing both lanes of travel. The first collision occurred at about six o'clock p.m. It was dark at the time.

Then, Norman and Lofton alighted from their vehicles and began a discussion in front of their cars about whether to remove their cars from the middle of the road or leave them in position until investigating officers arrived. While this discussion was in progress, at least one vehicle, driven by defendant Atzenhoffer, came upon the accident scene from the north. Atzenhoffer slowed his pickup and drove around the east side, being the rear, of the Norman and Lofton cars. Thereafter, he parked to the south of the scene on the west shoulder of the road. Atzenhoffer said he followed another car around the scene. The driver of that car did not testify. This traffic seemed to further alert Lofton to the potential danger of the stationary cars in the middle of the road. He then terminated the conversation with Norman and began to walk between the cars preparatory to moving his car from the road. While he was so engaged, the Harwell vehicle, proceeding from the south, struck the Norman vehicle propelling it into the Lofton vehicle. Lofton apparently was crushed between the latter two vehicles. In this second collision, Lofton received the injuries causing his death which is made the basis of this suit. The elapsed time between the first and second collisions was estimated to be from two to four minutes.

In response to the special issues submitted (72 in number), the jury: found that defendant Norman committed several acts of negligence proximately causing the *first collision*; found that Norman committed several acts of negligence proximately causing the *second collision*; found that defendant Harwell failed to keep a proper lookout and that such failure proximately caused the *second collision*; refused to find that defendant Atzenhoffer committed any acts of negligence; refused to find that decedent Lofton was negligent in matters of lookout (before and after the first collision), speed, application of brakes, direction of turning his vehicle, removal of his stationary vehicle from the highway, and removal of himself from the highway during the approach of the Harwell vehi-

cle. Consequently, at this point in analysis, recovery in favor of the survivors of Lofton apparently could be based on these findings of negligence and proximate cause against defendant Norman (both collisions) and defendant Harwell (second collision).

However, recovery for the survivors was prevented, in the trial court's judgment, because of jury findings against Lofton. In response to other special issues submitted, the jury: found that, following the *first collision,* Lofton was negligent (63) in failing to keep his vehicle properly lighted and (65) in failing to flag or otherwise warn oncoming traffic; that each of those failures was a proximate cause (64 and 66) of the *second collision.*

Appellants have brought forward 60 points of error. However, they have summarized the points into categories for purposes of argument under the following captions:

"(1) Appellants allege that the four special findings (63, 64, 65 and 66) upon which the Trial Court based its judgment are subject to attack upon the following grounds:

(a) Jimmie Lofton had no duty to warn at the time and on the occasion in question;

(b) Jimmie Lofton had no duty to anticipate negligent conduct on the part of the Defendant (Harwell);

(c) The two groups of special issue findings (63–64 and 65–66) are shades and phases of one general issue of failure to warn;

(d) There is no factual proof that Lofton's failure to warn caused his injuries, and such findings are speculative;

(e) There is no proof, factually, of what a reasonably prudent person would have done under the same or similar circumstances, for the purpose of establishing negligence; and

(f) There are no pleadings to support the findings of contributory negligence on the part of the Defendant, Raymond Norman, and the pleadings of the Defendant, Harwell, are insufficient to support said findings.

(2) Findings of contributory negligence cannot bar a recovery under the Wrongful Death Statute.

(3) The Trial Court erred in failing to award attorney fees to the attorney ad litem."

We will use the appellants' format, generally, in considering their contentions.

We will consider first the appellants' first complaint which we here characterize as a "no duty to warn" ground. Appellants say that the cases of Buchanan v. Rose, 138 Tex. 390, 159 S.W.2d 109 (1942) and Courville v. Home Transportation Co., 497 S.W.2d 788 (Tex.Civ.App.—Beaumont 1973, n. r. e.) should control the disposition of our case.

In *Buchanan,* the Supreme Court held that one who drove over a bridge on a public road and thereafter discovered that such bridge, because of its defective condition, had broken down under the weight of his vehicle, without negligence on his part, was under no duty to give warning so as to prevent other travelers from being injured as a result of the broken down bridge. The court reasoned that the one (defendant) who broke down the bridge did not "create a dangerous condition"; the bridge was already in a defective condition before the defendant drove over it and the bridge just gave way from a normal and legitimate use of it by the truck operator.

In *Courville,* the court held that one who, while driving his truck down a highway, was struck from the rear by another vehicle, without negligence on his part, and thereafter did not stop but left the following vehicle disabled and blocking a lane of travel, owed no duty to give warning of the dangerous condition resulting from the

disabled vehicle that was blocking a lane of the highway. The court said that it must be shown that the defendant's truck driver has done something affirmatively before it can be said that the driver "created a dangerous condition"; a showing merely that the truck was being driven in a lawful and non-negligent manner when it was struck from the rear does not raise a duty to give warning of a dangerous condition.

■ From these cases, the appellants rationalize: the jury exonerated Lofton in all negligence issues asked regarding the cause of the first collision, that being between the Lofton and Norman vehicles; so those jury answers amount to findings that Lofton did not "create a dangerous condition"; under those circumstances, Lofton, therefore, had no duty to warn subsequent travelers on the road that the lanes for travel were obstructed. Were this all, appellants' "no creation of a dangerous condition, no duty to warn" contention might be tenable. But there is evidence in the record of relevant affirmative action, after the first collision, on the part of Lofton. Bobby Platt, a passenger in Lofton's car at the time of the first collision, testified that Lofton, after the first collision and before the second collision, turned off all the lights on his car. And, according to defendant Harwell, at all times while she was approaching the obstructing cars of Norman and Lofton and before she struck the Norman car, no lights were burning on either of those vehicles. From this testimony of Platt and Harwell, the jury was entitled to infer that Lofton caused complete darkness (by extinguishing his lights) where there had been some helpful light at the scene (his burning headlights); that this action of Lofton substantially aggravated, or contributed to, the dangerous situation existing, that being the obstruction of the highway by the Lofton and Norman vehicles. Further, the jury was entitled to infer that, under those circumstances, Lofton should have either turned his headlights back on or flagged oncoming traffic,

and that the failure to do either was one of the proximate causes of the second collision. The jury apparently did so infer by its findings in that regard (63–64 and 65–66). We hold against appellants' contention that Lofton, as a matter of law, created no dangerous condition and therefore he owed no duty to warn others.

■ There is another reason, aside from our consideration of "creation of a dangerous condition", why appellants' assertion of "no duty to warn" (as a matter of law) is without merit in the case at bar. There is authority for the proposition that, irrespective of the reason for stopping, an operator of a stopped vehicle that poses a source of danger to other motorists, owes a common law duty to warn those motorists that he is stopped, if an ordinary prudent person in the exercise of ordinary care would have foreseen that, in the absence of such warning, a collision might occur. Traders and General Insurance Co. v. Anderson, 472 S.W.2d 582 (Tex.Civ.App.—Tyler 1971, n. w. h.); Shepard v. Ray, 432 S.W.2d 178 (Tex.Civ.App.—Dallas 1968, n. w. h.); McClellan v. Lee, 426 S.W.2d 635 (Tex.Civ.App.—Houston, 1st Dist., 1968 n. w. h.); Rodgerson v. LaFollette, 424 S.W.2d 280 (Tex.Civ.App.—Houston, 14th Dist., 1968, n. r. e.). See 60A C.J.S. Motor Vehicles § 335(1). So the duty to warn others by the operator of a stopped vehicle on the highway can be a jury question, even though the vehicle is stopped due to no fault of the operator. We hold, therefore, that there was sufficient evidence (Lofton's extinguishing his lights after the first collision) to present a jury question regarding his duty to warn other motorists such as Mrs. Harwell. All of appellants' "no evidence" points are overruled.

To further support appellants' "no duty to warn" contentions, they have brought forward "insufficiency of the evidence" and "against the greater weight and preponderance of the evidence" points in regard to the jury's answers to special issues numbered 63, 64, 65 and 66.

These types of points (in the context in which the appellants have set them out on this appeal) require us to weigh all evidence presented by the record, including evidence which tends to prove the existence of vital facts as well as evidence which tends to disprove their existence. In re King's Estate, 150 Tex. 662, 244 S. W.2d 660 (1951); Southern Pacific Company v. Stanley, 473 S.W.2d 52 (Tex.Civ. App.—Corpus Christi 1971, n. r. e.). We are further required to balance substantial evidence that supports the finding against substantial evidence that is against the finding and thereby determine whether the great weight and preponderance of the evidence is in favor of or against such finding. Gulf, Colorado & Santa Fe Railway Company v. Deen, 158 Tex. 466, 312 S.W. 2d 933 (1958); Gonzalez v. Layton, 429 S.W.2d 215 (Tex.Civ.App.—Corpus Christi 1968, n. w. h.).

In that regard, we first consider the evidence that is against the findings (63-64) that Lofton failed to keep his vehicle properly lighted and that this was a proximate cause of the second collision, as contended by the appellant. After the first collision, when the Lofton car came to rest, it was crosswise on the road and was obstructing both lanes of travel. Because it was behind the Norman car, it was hidden from northbound traffic (the direction of travel of Mrs. Harwell). The jury could infer that because of the positions of the cars, Mrs. Harwell could not have seen the lights of Lofton's car, even if his lights had been burning. Thus, the appellants say, burning lights on Lofton's car could not have been of any assistance to Mrs. Harwell in alerting her to the danger in front of her.

■ We now move to the area of evidence that tends to sustain the findings (63-64). Introduced into evidence were photographs, some taken on the night of and some taken in the daytime sometime after the collision, depicting the accident scene. In the photographs the jury could see metal mailboxes, trees, utility poles and fences that were near the road and that were probably in front of Lofton's stationary car at the time between the first and second collisions. Lofton's headlights, even if burning, may have been hidden from the view of the driver of a car approaching the scene from the south. Nevertheless, the jury could reasonably infer that the illumination from such lights shining upon the roadside objects, shown in the photographs, could cause enough contrast in the dark scene to alert an oncoming motorist to the danger ahead in time for the motorist to avoid the danger by stopping or taking evasive action. We so hold.

We next examine the evidence against the jury findings (65-66) that Lofton's failure to flag or otherwise warn oncoming traffic was negligence and that this failure was a proximate cause of the second collision. Mr. Clarence Atzenhoffer, Sr., being the father of defendant Atzenhoffer and being a passenger in Atzenhoffer's pickup, stated that he and his son parked on the shoulder of the road about 100 feet south of the first accident scene. At one point in his testimony, Atzenhoffer, Sr., did say, in effect, that before the second collision, he was beside the pickup waving a lighted lantern at the time Mrs. Harwell went by them. Mrs. Harwell testified that before her collision, she did not see anyone attempting to flag her by any method. From this, the appellants assert, that Mrs. Harwell would not have seen Lofton's flagging (even if he had done so) if she did not, in fact, see Atzenhoffer's flagging; consequently, any flagging or other warning by Lofton would have been useless gestures and duplicitous of the efforts of others. Therefore, the appellants urge, the jury findings (65-66) are not supported by the evidence and are contrary to the greater weight and preponderance of the evidence.

In support of the jury findings, no flagging or other warning, we point out that the testimony of the elder Atzenhoffer was inconclusive on the subject of his flagging Mrs. Harwell in that he, at another point,

said that he was not flagging when Mrs. Harwell's car passed him; that he was just getting into position to flag with his light when she got there. So Atzenhoffer's testimony, the jury could deduct, failed to show that Mrs. Harwell would not have seen Lofton's flagging, if he had done so, or any other reasonable warning.

From a review of all the evidence, and reasonable inferences therefrom, it is our opinion that there is sufficient evidentiary support for the jury's findings: (63) that Lofton's failure to keep his vehicle properly lighted and (65) that his failure to flag or otherwise warn were each acts of negligence; and (64–66) that each failure was a proximate cause of the second collision. We further hold that none of the findings in question is contrary to the greater weight and preponderance of the evidence.

Under their next summarized caption of complaints, the appellants contend that Lofton had no duty to anticipate the negligent conduct of Mrs. Harwell in failing to keep a proper lookout. They cite DeWinne v. Allen, 154 Tex. 316, 277 S.W.2d 95 (1955). The Supreme Court, in *DeWinne*, did state in its opinion: that *in absence of knowledge to the contrary*, a motorist approaching an intersection with one way street was entitled to assume that no vehicles were traveling in wrong direction on the one way street, and such motorist was under no duty to ascertain whether a vehicle was approaching the intersection from the wrong direction. In our case, Lofton had just collided from the north with the Norman vehicle under essentially the same conditions of danger that were existing at the time of his collision as were existing at the time of Mrs. Harwell's collision from the south with the Norman vehicle; i. e., an unlighted vehicle obstructing the motorist's lane of travel at night. Hence, Lofton knew, or should have known, from the facts of his collision, that in the absence of a reasonable warning, a motorist approaching the Nor-

man car would likely collide with it. In so colliding, that motorist's conduct could still be within the standard measured by the behavior of the reasonably prudent person, just as was Lofton's conduct. We hold against appellants' "no duty to anticipate negligent conduct" contention.

Appellants assert that the court erred in overruling their objections to the submission of special issues inquiring (63) whether Lofton failed to keep his vehicle properly lighted and (65) whether Lofton's failure . . . to flag or otherwise warn oncoming traffic . . . was negligence. They say that these two issues are shades and phases and thus the issues become a duplicitous submission of one general issue of failure to warn. The broader issue (65) probably included the narrower issue (63) and the court properly could have submitted only one issue inquiring about failure to warn. We are not convinced, though, that the error of submission of the trial court was such as was reasonably calculated to cause, or did cause, rendition of an improper judgment. Rule 434, Texas Rules of Civil Procedure; Holmes v. J. C. Penney Company, 382 S.W.2d 472 (Tex.Sup.1964). The point is overruled.

Another contention of the appellants is to the effect that there is no factual proof that Lofton's failure to warn caused his injuries; therefore, the findings of such failure were based only on speculation. In the forepart of this opinion, we have evaluated the evidence concerning contributory negligence in connection with appellants' "no evidence" and "insufficiency of the evidence" points. What we said there is dispositive of the complaint here. We again hold against appellants' position on the quantity and quality of the evidence.

"There is no proof, factually, of what a reasonably prudent person would have done," say the appellants in another contention. They assert that appellee Harwell had the burden of proving that a reasonably prudent person, under the circum-

stances of this case, would have given warning instead of attempting to move his vehicle, as Lofton did. It was within the province of the jury to determine whether the reasonably prudent person standard was complied with by Lofton. The jury acquitted Lofton of any commissions or omissions amounting to negligence in issues inquiring whether he should have removed his car from its stationary position on the road. The jury did find him negligent concerning his lights. We see no inconsistency between a choice of moving the car and turning on the lights of the car. No choice by Lofton was really necessary. He could have left the lights burning when he first dismounted from his car after the first collision. This contention of the appellants is overruled.

■ Moreover, according to the appellants, the trial court erred in basing its take nothing judgment on findings of contributory negligence because there were no pleadings, or insufficient pleadings, on the part of each of the defendants, Norman and Harwell, to support those findings. Norman answered the appellants' petition with only a general denial. Harwell answered that petition with a general denial and, among other allegations, with general allegations of contributory negligence against Lofton. No special exceptions were levelled by the appellants to any of the pleadings of the defendants. Appellants did make some objections to the court's charge. But in none of those objections did the appellants complain of the lack of support in the defendants' pleadings for the submission of issues of contributory negligence. The first complaint of that type made by the appellants was asserted in their motion for new trial. That attack came too late. We hold that appellants have waived any right to make complaint on appeal, based on faults in the defendants' pleadings, to the submission by the trial court of contributory negligence issues. Rules 90 and 274, T.R.C.P. See Deffebach and Brown, Waiver of Pleading Defects and Insufficiencies in Texas, 36 Tex.L.Rev. 459 (1957–58).

■ In their second category of summarized points, the appellants contend that the trial court erred in refusing to hold that findings of contributory negligence cannot bar a recovery under the Wrongful Death Statute. In other words, the appellants argue that the findings of contributory negligence on the part of the decedent Lofton will not defeat a claim under Article 4671 et seq., Vernon's Ann.Civ.St., by the beneficiaries named. The appellants in our case, the surviving wife and child, are beneficiaries within the statutes dealing with wrongful death. However, the law is against the position taken by the appellants. Contributory negligence of the decedent Lofton does preclude recovery by his surviving wife and child, the appellants here. 17 Tex.Jur.2d, Death by Wrongful Act, § 69 p. 633. See Mitchell v. Akers, 401 S.W.2d 907 (Tex.Civ.App.—Dallas 1966, n. r. e.). These points are overruled.

■ Finally, the appellants urge that the trial court erred in refusing to allow the attorney ad litem for the minor plaintiff, Luann Lofton, an attorney's fee to be taxed against the defendants. The trial court in its judgment did find a specific amount as the reasonable value of the services of the attorney ad litem. The court provided, though, in that judgment that the attorney ad litem fee would not be taxed as costs. The finding as to amount is only informational, according to the recitals in the judgment. Rule 131, T.R.C.P., provides generally, that the successful party shall recover from his adversary all costs. But Rule 141, T.R.C.P., provides that the court may adjudge costs otherwise if there exists good cause and the good cause is stated in the record. Allowance of an attorney fee for an attorney ad litem, the amount of the fee, and against whom the fee shall be taxed are matters within the discretion of the trial court. Coastal States Gas Producing Company v. Locker,

436 S.W.2d 592 (Tex.Civ.App.—Houston 14th Dist.1968, n. w. h.). We have examined the record and we find no abuse of discretion by the trial court in its refusal to tax as costs against the defendants a fee for the services of the attorney ad litem. Appellants' point in this regard, and all other points are overruled.

The judgment of the trial court is affirmed.